WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Rhonda Lynn Shreves, | No. CV-11-8076-PCT (BSB) |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | |
| Carolyn W. Colvin,<br>Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Rhonda Lynn Shreves (Plaintiff) has filed a Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. 26.)   Defendant, the Commissioner of the Social Security Administration (the government), opposes this motion. (Doc. 31.)  For the reasons set forth below, the Court grants Plaintiff's motion.

I.      **Procedural History**

On November 22, 2006, Plaintiff applied for Disability Insurance Benefits under Title II and Title XVI of the Social Security Act (the Act), 42 U.S.C. § 401-434, alleging disability with an onset date of August 4, 2002.  (Tr. 19.)[1]  Plaintiff's application was denied at the initial level of administrative review.   After a hearing, on June 23, 2009, an Administrative Law Judge (ALJ) denied Plaintiff's application for benefits finding that she was not disabled within the meaning of the Social Security Act.  (Tr. 19-33.)  The ALJ's decision became the final decision of the Commissioner of Social Security when

---

[1]   Citations to "Tr." are to the administrative record located at docket 12.

1    the Social Security Appeals Council denied Plaintiff's request for review on March 16,

2    2011.  (*Id*. at 1-5.)

3        Plaintiff then brought this action pursuant to 42 U.S.C. § 405(g) for judicial review

4    of the Commissioner's final decision.  (Doc. 1.)  This Court reversed the decision and

5    remanded the case for further consideration. (Doc. 24.)   Thereafter, Plaintiff filed the

6    pending motion requesting an award of $7,728.51 in attorney's fees under the EAJA.

7    (Doc. 27.)   In the Reply in support of her motion, Plaintiff requests an additional $460.80

8    in attorney's fees for time expended preparing her Reply.  (Doc.  32.)    Plaintiff also

9    requests that any attorney's fees awarded be paid by a check sent directly to her

10   attorney's office. (Doc.  27.)  The government argues that the motion should be denied

11   because it was substantially justified in defending this matter.   The government also

12   argues, that unless Plaintiff agrees to waive the requirements of the Anti-Assignment Act,

13   and there is no debt owed by Plaintiff under the Treasury Offset Program, any award of

14   attorney's fees should be paid directly to Plaintiff, not to her attorney.  (Doc.  31.)

15   **II.      Attorney's Fees under the EAJA**

16       In any action brought by or against the United States, the EAJA provides that "a

17   court shall award to a prevailing party other than the United States fees and other

18   expenses . . . unless the court finds that the position of the United States was *substantially*

19   *justified* or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A)

20   (emphasis added); *see also Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir. 1988)

21   (stating that the EAJA creates a presumption that fees will be awarded to the prevailing

22   party unless the government establishes that its position was "substantially justified").

23       "Substantially justified means justified in substance or in the main — that is,

24   justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487

25   U.S. 552, 565 (1988) (internal citations omitted).  A substantially justified position must

26   have a reasonable basis both in law and fact. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258

27   (9th Cir. 2001).  The Ninth Circuit applies a reasonableness standard in determining

28   whether the government's position was substantially justified for EAJA purposes.  *United*

1    *States v. Rubin*, 97 F.3d 373, 375 (9th Cir. 1996); *Flores v. Shalala*, 49 F.3d 562, 569

2    (9th Cir. 1995).  The government bears the burden of establishing that its position was

3    substantially justified.  *Gutierrez*, 274 F.3d at 1258.  "The 'position of the United States'

4    includes both the government's litigation position and the underlying agency action

5    giving rise to the civil action."  *Meier v. Colvin*, 2013 WL 3802382, at *1 (9th Cir. Jul.

6    23, 2013).  The EAJA provides that, "'[t]he position of the United States' means, in

7    addition to the posture taken by the United States in the civil action, the action or failure

8    to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

9         In the Social Security context, the Ninth Circuit treats the ALJ's decision as the

10   "action or failure to act by the agency upon which the civil action is based."  *Meier*, 2013

11   WL 3802382, at *2.  Thus, when applying the substantial justification test, the court

12   determines "(1) whether the [ALJ] was substantially justified in taking [the] original

13   action, and (2) whether the government was substantially justified in defending the

14   validity of the action in court." *Gutierrez*, 274 F.3d at 1258; *see also Meier*, 2013 WL

15   3802382, at *3 ("Applying the substantial justification test [in the Social Security

16   context, the court] first consider[s] the underlying agency action, which . . . is the

17   decision of the ALJ. [The court] then considers the government's litigation position.").

18   **III.    Analysis**

19        **A.    Prevailing Party**

20        The Court must first determine whether Plaintiff qualifies as a prevailing party

21   under the EAJA.  A plaintiff is a prevailing party if he or she succeeds on "any significant

22   issue that achieves some of the benefit sought in bringing the suit."  *Penrod v. Apfel*, 54

23   F. Supp. 2d 961, 963 (D. Ariz. 1999) (citing *Tex. State Teachers Ass'n. v. Garland Indep.*

24   *School Dist.*, 489 U.S. 782, 791-92 (1989)).   A claimant who obtains a court order

25   remanding a Social Security case to the Commissioner either for further proceedings or

26   for an award of benefits is a prevailing party under the EAJA.  *Shalala v. Schaefer*, 509

27   U.S. 292, 300-01 (1993).   Here, the parties do not dispute that Plaintiff is a prevailing

28   party because the Court remanded this matter to the ALJ for further consideration.  *See*

1   *Gutierrez*, 274 F.3d at 1257 ("An applicant for disability benefits becomes a prevailing

2   party for purposes of the EAJA if the denial of benefits is reversed and remanded

3   regardless of whether disability benefits are ultimately awarded.).

4       **B.    Underlying Agency Conduct**

5           The parties disagree as to whether the ALJ's decision in this case was substantially

6   justified.   The Order remanding this case for further proceedings was based on the

7   Court's conclusion that the ALJ erred at steps four and five of the sequential evaluation

8   process.  (Doc. 24 at 20-23.)  Specifically, the Court found that the ALJ's determination

9   that Plaintiff retained the mental residual functional capacity to perform "unskilled work"

10  was not a substitute for the ALJ's obligation to assess Plaintiff's degree of functional

11  limitation resulting from her impairment and rendered the ALJ's decision susceptible to

12  "'overlooking limitations or restrictions that would narrow the ranges and types of work

13  an individual may be able to do.'" (Doc. 24 at 20 (citing Social Security Ruling 96-8p,

14  1996 WL 374184, at *4 (Jul. 2, 1996).)

15          The Court further found that the ALJ erred by applying the Medical-Vocational

16  Guidelines (the grids) without sufficiently explaining their applicability despite record

17  evidence suggesting that the grids may not encompass Plaintiff's nonexertional

18  limitations.    (Doc. 24 at 23.)   The Court concluded that because issues remained

19  regarding Plaintiff's residual functional capacity and her ability to perform other work

20  existing in significant numbers in the national economy, the matter must be remanded to

21  the Commissioner for further administrative proceedings. (*Id.* at 24.)

22          The government argues that implicit in the ALJ's mental residual functional

23  capacity finding was a finding that Plaintiff could perform all of the mental demands of

24  unskilled work. (Doc. 31.) The government relies on *Bayliss v. Barnhart*, 427 F.3d 1211

25  (9th Cir. 2005), among other cases, to argue that as long as the ALJ took into account

26  Plaintiff's limitations and discussed how evidence supported the residual function

27  capacity assessment, the ALJ was not required to engage in a function-by-function

28  analysis.  As Plaintiff notes, the government essentially reiterates its arguments asserted

in its Opposition to Plaintiff's Opening Brief (Doc. 21), but does not explain why the ALJ's position was substantially justified. The Court has already rejected the government's argument that "function-by-function assessments are not always necessary because findings about specific limitations can be implicit" (Doc. 24 at 20-21), because "Social Security Ruling 96-8p requires more than implicit findings" and "mere citation to the regulations does not fulfill the function-by-function and narrative requirements under SSR 96-8p." (*Id*. at 21 (internal citations omitted).) The ALJ found that Plaintiff's mental impairments would "cause mild limitations in her daily living activities, mild restrictions in social functions, and moderate restrictions in her concentration, persistence, or pace." (Tr. 31.) The ALJ, however, did not consider how those restrictions would limit specific work-related functions. Thus, the ALJ did not satisfy his obligations under SSR 96-8p and the government has not met its burden of showing that ALJ's assessment of Plaintiff's mental residual functional capacity was substantially justified.

The government agrees that the ALJ's finding that Plaintiff was not disabled was based on the grids. (Doc. 31 at 6.) The government also acknowledges that the grids do not direct a finding of "disabled" or "not disabled" when a claimant suffers from nonexterional limitations that have a material effect on his work abilities. (*Id*. at 7.) Then, the government argues that Plaintiff's nonexertional impairments did not rise to that level. The Court has already found that "[t]he ALJ erred by applying the grids without providing sufficient explanation of their applicability despite record evidence suggesting that the grids may not encompass Plaintiff's nonexertional limitations . . . ." (Doc. 24 at 23.) Again, the government does not explain why the ALJ's step-five determination was substantially justified. Therefore, the Court finds that the government's underlying action was not substantially justified in this case.

## C.     Litigation Position

Because the government's underlying position was not substantially justified, the Court need not address whether the government's litigation position was justified. *Meier*,

2013 WL 3802382, at *4 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The government's position must be substantially justified at each stage of the proceedings.")).  Moreover, even if the Court considered the government's position in this litigation, the Court would find that it was not substantially justified.  *See Sampson v. Chater,* 103 F.3d 918, 922 (9th Cir. 1996) (stating that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not.").  As Plaintiff points out, the government's defense of the ALJ's decision mainly restates its arguments that the Court previously rejected in its order remanding this matter for further proceedings.  (Doc. 24.)  In view of the errors in the ALJ's analysis, the Court cannot find that the government was substantially justified in defending the ALJ's decision in this case.  Accordingly, the Court will award Plaintiff attorney's fees under the EAJA.

**IV.    Award of Attorney's Fees**

Plaintiff requests attorney's fees in the amount of $8,189.31.  This amount is based on the following hourly rates and hours worked: (1) 2011, hourly rate $180.59 and 37.2 hours; and (2) 2012, hourly rate $183.73 and 5.5 hours. (Doc. 28. Ex. 1.)  The fee request also includes 2.5 hours at an hourly rate of $184.32 for time spent preparing Plaintiff's reply in 2013.  (Doc. 32.)    The government does not oppose the amount of fees requested.

Attorney's fees and expenses under the EAJA must be reasonable. *See* 28 U.S.C. §§ 2412(d)(2)(A). Counsel for the prevailing party has an ethical duty to make a good faith effort to exclude "excessive, redundant, or otherwise unnecessary" hours from counsel's fee petition. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  The district court has discretion to determine a reasonable fee award. *See* 28 U.S.C. § 2412(b); *Pierce v. Underwood*, 487 U.S. 552, 571 (1988).

The EAJA limits attorney's fees to $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee."   28 U.S.C.

§ 2412(2)(d)(A).  The Supreme Court has suggested that an increase based on the cost of living is "next to automatic."  *Meyer v. Sullivan*, 958 F.2d 1029, 1035 n.9 (11th Cir. 1992) (quoting *Pierce*, 487 U.S. at 571 (1988)).   The cost of living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current Consumer Price Index for all Urban Consumers (CPI-U) and then dividing the product by the CPI-U in the month that the cap was imposed ($155.70).  *See Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001) (citing *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1463) (9th Cir. 1988)).  Plaintiff has calculated the attorney's fees award based on hourly rates that are slightly less than or equal to the statutory maximum hourly rate under the EAJA.  *See* 'Statutory Maximum Rates Under the Equal Access to Justice Act," available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Aug. 6, 2013).[2]   Additionally, the Court finds that counsel expended a reasonable number of hours on this matter.  Accordingly, the Court awards Plaintiff the requested amount of attorney's fees, $8,189.31.

Plaintiff requests that the Court order that "any check be sent to Plaintiff's counsel's office." (Doc. 27.)   The government argues that any award of attorney's fees should be made payable to Plaintiff, not her attorney. (Doc. 31.)  In *Astrue v. Ratliff*, 560 U.S. ___, 130 S. Ct. 2521 (2010), the Supreme Court held that EAJA fees are payable to the prevailing party, not his attorney.  Although Plaintiff recognizes *Ratliff's* holding, she states that the fee agreement with counsel provides that any EAJA fees are assigned to Plaintiff's counsel.  Plaintiff states that, "while any EAJA fees are payable to Plaintiff, it is respectfully submitted this Court should order any check sent to Plaintiff's counsel's office."  (Doc. 27.)  Plaintiff does not request that the check be made payable to her attorney.

As previously stated, the Court in *Ratliff* held that EAJA fees are payable the prevailing party, not his attorney.  130 S. Ct. at 2525.  In so holding, the Court noted the

---

[2]   The applicable statutory maximum hourly rates under the EAJA, adjusted for increases in the cost of living, are as follows: first half of 2013 - $186.55; 2012 - $184.32; and 2011 - $180.59.

- 7 -

"practical reality that attorneys are the beneficiaries and, almost always, the ultimate recipients of the fees that the statute awards to the 'prevailing part[ies]'" because of "nonstatutory (contractual and other assignment-based) rights that typically confer upon the attorney the entitlement to payment of the fees award the statute confers on the prevailing litigant." *Id.* at 2529 (quoting *Venegas v. Mitchell*, 495 U.S. 82, 86 (1990)). The Court further noted that such "arrangements would be unnecessary if . . . statutory fees language like that in . . . EAJA provide[d] attorneys with a statutory right to direct payment of awards." *Id*. Thus, although *Ratliff* clarifies that EAJA awards of attorney's fees are payable directly to the prevailing party, it does not preclude the contractual assignment of the fee award to Plaintiff's attorney.[3]  In view of *Ratliff*, the Court declines to order *direct* payment to Plaintiff's attorney.  However, the Court will direct the government to mail the attorney's fee award, made payable to Plaintiff, to the office of Plaintiff's attorney.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees under the Equal Access to Justice Act (Doc. 26) is **GRANTED** and that Plaintiff is awarded $8,189.31 in attorney's fees to be mailed (payable to Plaintiff) to Plaintiff's counsel, Mark Caldwell, Caldwell & Ober, PLLC, 1940 East Camelback Road, Suite 150, Phoenix, Arizona 85016.

Dated this 6th day of August, 2013.

_____
Bridget S. Bade
United States Magistrate Judge

---

[3]   *See Brown v. Astrue*, 271 Fed. Appx. 741, 744 (10th Cir. 2008) (stating that "the private contractual arrangement between [Plaintiff] and his counsel [is] a collateral matter that the [Court] need not address when considering the EAJA fees motion.").